AO 106 (Rev. 04/10)  Application for a Search Warrant

## UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States Courts
Southern District of Texas
FILED

**February 14, 2019**

David J. Bradley, Clerk of Court

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Samsung Model SM-J727P cellular phone with MIE/HEX
number 353-559-085-510-80

)
)
)
)
)
)

Case No.  **4:19mj0272**

### APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Samsung Model SM-J727P cellular phone with MIE/HEX number 353-559-085-510-80 in possession by Harris County Sheriff's Office

located in the _____ Southern _____ District of _____ Texas _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922 (g)(1) | Unlawful for a convicted felon to posses a firearm , or ammunition that has traveled in Interstate Commerce. |

The application is based on these facts:

See Attachment B, C and D

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*approved for fly*

*AUSA*

*Applicant's signature*

Special Agent John Bray, FBI

*Printed name and title*

Sworn to before me and signed in my presence.

Date:  February 14, 2019

*Judge's signature*

City and state:  Houston, Texas

U.S. Magistrate Judge Dena Hanovice Palermo

*Printed name and title*

## ATTACHMENT A

This warrant applies to information associated with the cellular device described as black in color Samsung Model SM-J727P cellular phone with MIE/HEX number 353-559-085-510-80 currently in Harris County Sheriff's locker that was seized during the arrest of William Fears on June 26, 2018.

## I. ITEMS TO BE SEIZED

1. Items to be seized are evidence, contraband, fruits or Instrumentalities of violations, on the described device in Attachment A, regarding 18 U.S.C. 922 (g) Possession of Firearms and Ammunition by a Felon namely:

    a. Records, documents and materials reflecting or relating to firearm possession including, but not limited to, any correspondence, any electronic communications, email communications, invoices, receipts, bills, form of payment, etc.

    b. Records, documents, and materials, including diaries, books, notebooks, notes, computer printouts, drawings, photographs, video recordings, and any other records, relating to committing violence, with a firearm.

    c. Records, documents, and materials including diaries, books, notebooks, notes, drawings, photographs, video recordings, and any other records reflecting any possession, or intent to possess a firearm.

    d. Keys and passwords/passcodes belonging to and/or evidence of the existence of and usage of any lockers, safe deposit boxes, storage facilities, vehicle, computer and electronic equipment or other property that could be used to conceal ownership of a firearm.

1

Attachment A

e.  Records or other items which show evidence of ownership or use of cellular phone including sales receipts, bills for internet access and hand written notes.

f.  Weapons, instruments of violence, components used in the assembling of or necessary to operate a weapon, components related to subject offenses, and any items unlawfully intended to harm or could be used to unlawfully to harm as they relate to violations stated within.

g.  Any digital device used to facilitate the above-listed violations and forensic copies thereof.

h.  With respect to any digital device containing evidence falling within the scope of foregoing search categories, records, documents, programs, applications or material or evidence of the absence of the same, sufficient to show the actual user(s) of the digital device.

i.  Any Social media pictures, videos, records, documents, and materials that relate to evidence to support his possession of a firearm, or any other unlawfully possessed device.

2.  As used herein, the terms "records", "documents", "programs", "applications" and "materials" include records, documents, programs, applications and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

3.  As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; digital cameras; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile

2

Attachment A

telephones, and smart phones; digital cameras; peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, flash drives, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

## II. SEARCH PROCEDURE FOR DIGITAL DEVICES

1.  In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

    a.  Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport tire device(s) to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 60 days from the date of execution of the warrant. If additional time is needed, the government may seek an extension of this time period from the Court on or before the date by which the search was to have been completed.

    b.  The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

        i.  The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized. The search team may also search for and attempt to

3

Attachment A

recover deleted, "hidden" or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

    ii.  The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

c.  When searching a digital device pursuant to the specific protocols selected, the search teams shall make and retain notes regarding how the search was conducted pursuant to the selected protocols

d.  If the search team, while searching a digital device encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that device pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband of evidence of a crime.

e.  If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

f.  If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

g.  The government may retain a digital device itself, and/or entire forensic copies of it, until further order of the Court or one year after the conclusion of the criminal investigation or case (whichever is latest). After that time period, the United States must obtain an order from the Court authorizing the continued retention of the

Attachment A

device and/or forensic copies of it (or while an application for such an order is pending). Otherwise the government must return the device and delete or destroy all forensic copies thereof.

    h. Notwithstanding the above, after the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized. Absent further order of the Court.

2. In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

    a. Any digital device capable of being used to commit, further or store evidence of the evidence(s) listed above;

    b. Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

    c. Any magnetic, electronic, or optical storage device capable of storing digital date;

    d. Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

    e. Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communications with the digital device;

    f. Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device: and

    g. Any passwords, password files, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

5

Attachment A

3. The special procedures relating to the digital devices found in the warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

6

Attachment A

## ATTACHMENT B

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, John Bray, being duly sworn, declare under penalty of perjury and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and assigned to the FBI Houston Division, Joint Terrorism Task Force which is comprised of Agents from the FBI, Officers from the Houston Police Department (HPD), Deputies from the Harris County Sheriff's Office (HCSO), and Special Agents from the United States Secret Service. I have been a Special Agent with the FBI for approximately eight years.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. This affidavit is being submitted in support of a search warrant authorizing the search of a black in color Samsung Model SM-J727P cellular phone with MIE/HEX number 353-559-085-510-80 seized from **William Fears** on June 26, 2018 by the Harris County Sheriff's Office. Based on the facts set forth in this affidavit, I believe that the Samsung cellular phone, utilized by **William Fears**, was being used in furtherance of 18 U.S.C. Section 922 (g), Possession of Firearms and Ammunition by a Felon.

4. On January 8, 2018 an interview was conducted with Reagan Watson. Reagan Watson stated **William Fears** had an AR-15 style rifle and a Sig Sauer handgun purchased by Colton Fears for **William Fears** (Colton's brother). She stated **William Fears** carried the Sig Sauer handgun often even though he was a convicted felon. A follow-up interview was conducted with Reagan Watson on June 5, 2018; Reagan Watson stated **William Fears**, a convicted felon,

1

Attachment B

possessed a firearm on or about August 26, 2017 when she witnessed Colton Fears hand **William Fears** a Sig Sauer handgun.  Reagan Watson stated that Ashli Rodriguez, Colton Fears' girlfriend, witnessed the transfer of the Sig Sauer handgun.  Reagan Watson went on to say that later that night, **William Fears**, Dustin Allman, Maverick Mears and she were driving in Maverick Mears' vehicle when **William Fears** fired the Sig Sauer handgun out the window of the moving vehicle while sitting in the rear passenger side seat.  Reagan Watson went on to provide interviewers with video of the incident in which she had recorded.  Reagan Watson also stated she sent the video to **William Fears**' phone via Facebook messenger.

5. On April 26, 2018 an interview was conducted with Ashli Rodriguez, who stated that Colton Fears, her boyfriend, bought a handgun and an AR-15 style rifle for **William Fears**.  Ashli Rodriguez went on to state that she spent a lot of her time at Colton Fears' apartment and never saw a firearm.

6. On June 29, 2018 an interview was conducted with Maverick Mears.  Maverick Mears stated that he and Dustin Allman picked up **William Fears** and his girlfriend, Reagan Watson, from **William Fears'** house on August 26, 2017.  Maverick Mears stated this was the same evening as Hurricane Harvey was approaching Houston on the night of the Floyd Mayweather fight. Maverick Mears recalled that **William Fears** brought a black bag from the house and placed it in the trunk of his vehicle.  Maverick Mears said that was the only bag in the car.  Maverick Mears said the group decided to go to an unknown city to escape Harvey. Maverick Mears said that **William Fears** had some friends there and they would just hang out and shoot guns in a field while making social media videos.  Maverick Mears said that while traveling, **William Fears** pulled the rear passenger side seat down and retrieved his black bag, pulled out a Sig Sauer P 2022 9 mm handgun and rolled down the rear passenger window.  Maverick Mears

2

Attachment B

9.  In the Houston Police Department Report (735132-17) dated June 11, 2017, **William Fears**, the Complainant, gives his mobile phone of 713-836-9689 as his contact number.

10.  In the Alachua County Sheriff's Office Arrest Report (AS055ARR00773W) dated October 20, 2017, **William Fears** gave the mobile phone number 713-836-9689 after being arrested for Attempted Homicide. After being arrested on October 20, 2017, **William Fears'** mobile phone was seized by the Alachua County Sheriff's office and a Search Warrant was obtained in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida. Investigators from Alachua County Sheriff's Office were unable to execute the Search Warrant because of the inability to get pasted the locked screened, Alachua County Sheriff's Office then shipped affiant the LG mobile phone with MIED 089806183102367876.

11.  A Grand Jury Subpoena was returned on February 23, 2018 for mobile phone number 713-836-9689. Records returned the subscriber as Gena Martinez, **William Fears'** mother, for the period of June 1, 2017 to February 2, 2018. Records showed phone number 713-836-9689 associated with MIED/ELS 089806183102367876.

12.  On October 10, 2018, a Search Warrant was issued in the Southern District of Texas on **William Fears'** LG phone with MIED 089806183102367876. During the search of the LG phone, Affiant found texts between **William Fears** and an additional person arranging to meet at a gun range on July 30, 2017.

13.  Also discovered during the review of **William Fears'** LG phone with MIED 089806183102367876 pursuant to the Search Warrant issued October 10, 2018, was a video of **William Fears,** holding a black semi-automatic handgun, with what appears to be live ammunition, and a magazine pre-loaded into the firearm. (See Attachment C which is a screen capture from that video.) It is believed the video was filmed by **William Fears** via the

4

Attachment B

Snapchat social media platform, as indicated by the Path of the video.  The Path is defined as the address where the video can be found on the electronic media on which it resides.

14. Additionally, discovered during the review of **William Fears'** LG phone with MIED 089806183102367876 pursuant to the Search Warrant issued October 10, 2018, was picture 20170709_174056.jpg.  (See Attachment D.)    Analysis of 20170709_174056.jpg details **William Fears**, holding a black in color handgun, with an AR-15 style rifle next to him. Continued analysis of the picture documents the picture was taken on July 9, 2017 at 5:40:57 PM (UTC-5) with camera model LGLS755.  Open source checks on the internet confirm the LGLS755 camera model is a version of the phone called LG X Power which is documented in the Extraction Summary on the analysis for **William Fears'** LG phone.

15. On June 26, 2018, **William Fears** was arrested by Harris County Sheriff's Office on the charge of Felon in Possession.  A black in color Samsung Model SM-J727P cellular phone with MIE/HEX number 353-559-085-510-80 was seized by Harris County Sheriff's Office and is currently in Harris County Sheriff's evidence locker.   Harris County has agreed to allow FBI Houston to search the phone.

16. Based on evidence obtained from the October 10, 2018, search warrant issued in the Southern District of Texas on **William Fears'** LG phone with MIED 089806183102367876, Affiant believes **William Fears** continued to use his social media platform to send and receive videos and pictures of himself handling prohibited firearms and ammunition up until his arrest on June 26, 2018 by the Harris County Sheriff's Office.

17. Based on the above mentioned details, Affiant has reason to believe **William Fears** communicated via electronic device (and/or Facebook/Social Media) videos and pictures of himself handling prohibited firearms.  Through training and experience, Affiant knows that

5

Attachment B

cell phones can contain a substantial amount of information relevant to the investigation of a case. Criminals often use cellular phones to communicate with accomplices and will sometimes store accomplices' contact information in address books, speed dial lists or in other areas of the phone. These communications can occur through typical telephone calls, through instant messaging, text messages or via social media. To the extent that criminals use services such as instant messaging or text messages, these messages can sometimes be found on the cellular phone itself. Criminals also use cellular phones to document criminal activities both by photographs, videos as well as digital memos. Affiant knows that these images and memos are also stored on the handset itself. Also information can be located on the SIM (Subscriber Identity Module) which is a smart card located in the phone which also contains network information. Removable memories are also sometimes located in a cellular handset that allows the user to store vast amounts of electronic data.   Affiant knows that devices such as these phones can store a large number of phone numbers and call history and some mobile phones can also contain contact information and calendar information and can be linked, either by wire or wireless, with computers. Camera phones can contain images. This information can be valuable evidence in determining other participants in a criminal enterprise.  Affiant knows that those involved in criminal enterprises sometimes use multiple phones to separate contacts with different participants or to attempt to avoid detection and monitoring by law enforcement. They also sometimes possess multiple phones to have a backup means of communication in case a phone is lost or seized by law enforcement. Likewise, Affiant knows that images in a camera can contain evidence of where a subject has been and with whom the subject has associated. Affiant knows from training and experience that individuals use telephones, specifically cellular telephones, to communicate and arrange meetings, provide directions, and

6

Attachment B

forward information related to the planning and committing of criminal acts, and that the cell phone will be carried by a person committing a criminal act. Affiant further knows from training and experience that cell phones regularly contain location information, including the location where a communication is made or a photograph/video is taken.

18. **BASED ON THE FOREGOING,** Affiant has reason to believe and does believe that the cellular phone in question has contained in the past, and does contain now, certain instrumentalities and contraband which constituted a violation of the laws of the United States of America, or certain evidence which constitutes proof of a violation of the laws of the United States of America, and based upon the foregoing requests issuance of a search warrant for the above-described premises to allow seizure of the above-described items.

19. Affiant respectfully request the attached warrant be issued for the black in color Samsung Model SM-J727P cellular phone with MIE/HEX number 353-559-085-510-80 currently in Harris County Sheriff's locker, authorizing the search and seizure of the items in Attachment A.

Respectfully submitted,

John Bray
Special Agent
Federal Bureau of Investigation

SWORN AND SUBSCRIBED before me on this 14th day of February, 2019, and I find probable cause.

Dena Hanovice Palermo
U.S. Magistrate Judge
Southern District of Texas

7

Attachment B



Attachment C

74056.jpg
Info



mera/20170708_174056.jpg

Attachment D